IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD ANTOINE REED, | § | |
| TDCJ #653274, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1294 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Ronald Antoine Reed (TDCJ #653274, former TDCJ #606390, #970378), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Reed has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge an adverse decision by the Texas Board of Pardons and Paroles regarding his early release from prison. After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.    BACKGROUND

Reed reports that he was convicted of forgery on October 28, 1992, and sentenced to 25 years' imprisonment by 209th District Court of Harris County, Texas, in cause numbers 643918 and 647454. He did not pursue a direct appeal. Court records show that Reed was

released on parole on February 22, 2000. *See Reed v. Quarterman*, Civil No. H-05-3805 (S.D. Tex. Nov. 29, 2006).[1] Reed returned to TDCJ on January 11, 2005, and his parole was revoked following a hearing on April 27, 2005, after officials found that Reed failed to comply with the technical terms and conditions of his release. *See id*. Since that time, Reed has remained incarcerated in TDCJ.

Reed does not challenge any of his underlying convictions or the 2005 revocation of his parole here. Instead, he contests a recent decision by the Texas Board of Pardons and Paroles (the "Parole Board"), on October 2, 2009, which denied him early release on parole.[2] Reed insists that he is entitled to immediate release for a number of reasons. Reed notes that his underlying forgery convictions were non-violent offenses. Reed points out that his previous parole revocation was for technical reasons and not for a new offense. Reed notes further that he has not had a major disciplinary infraction since March of 2006. Citing his

---

[1] In this case, the district court denied Reed's petition for a writ of habeas corpus to challenge the revocation of his parole, which reportedly occurred on May 3, 2005, after finding no constitutional violation in connection with that proceeding.

[2] There are two ways in which a state inmate becomes eligible for early release from confinement under Texas law. The first is by "parole" and the second is "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). In this case, the petitioner complains about the denial of release on parole, not mandatory supervision.

age (54 years), ill health, and his participation in unspecified "self-help programs," Reed reasons that he is a good candidate for release. Reed contends further that the parole board's decision to deny him release was flawed because his hearing was delayed from July of 2009, until September 2, 2009. Thus, Reed argues that he was denied early release on parole without due process. Because Reed's claims fail as a matter of law, the Court denies federal habeas corpus relief for reasons discussed briefly below.

## II. STANDARD OF REVIEW

Federal review of habeas corpus petitions filed after April 24, 1996, is subject to provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996). "[The] AEDPA was enacted, at least in part, to ensure comity, finality, and deference to state court determinations by limiting the scope of collateral review and raising the standard for federal habeas relief." *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003) (citations omitted). As the Supreme Court has explained, the federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), establish a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

Reed challenged his denial of parole by filing state habeas corpus applications in cause numbers 643918 and 647454. The Texas Court of Criminal Appeals denied both

3

applications without a written order. *See Ex parte Reed*, Nos. 22,327-20 and 22,327-21 (March 17, 2010). To the extent that this was an adjudication on the merits, the AEDPA provides that a petitioner is not entitled to relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000); *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an "unreasonable" application must be more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409. The focus of this objective reasonableness inquiry is on the state court's ultimate decision, not whether the state court "discussed every angle of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)).

Reed is proceeding *pro se*. Thus, his pleadings are subject to "less stringent standards" than those filed by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords

4

all reasonable inferences which can be drawn from them. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000). Reviewing Reed's petition with the requisite liberal construction accorded to *pro se* litigants, he falls far short of meeting the AEDPA standard. Even assuming that the deferential AEDPA standard did not apply, Reed has not established that he is entitled to relief on the merits of his claims because he has not articulated a constitutional violation.

## III. DISCUSSION

Pointing to the non-violent nature of his underlying case, his health, and his efforts at rehabilitation while imprisoned, among other things, Reed contends that the Parole Board violated his right to Due Process by denying him early release on parole. Reed complains further that a two-month delay in review for parole impacted a protected liberty interest in his early release. Reed cannot demonstrate that he is entitled to relief under the Due Process Clause under the circumstances of this case.

It is well established that "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (citing *Olim v. Wakinekona*, 451 U.S. 238, 250-51 (1983); *Jago v. Van Curen*, 454 U.S. 14, 16-18 (1981); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976); *Jay v. Boyd*, 351 U.S. 345, 352-61 (1956)). The United States Supreme Court has recognized that the several states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*,

482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *see also Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). In light of this authority, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release.[3] *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (holding that the Texas parole statutes do not create a protectable expectancy of release, but rather create nothing more than a hope of parole); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993) (same); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991) (same). Therefore, it is settled that state prisoners in Texas "have no protected liberty interest in parole." *Johnson*, 110 F.3d at 308. As a result, claims such as those raised by Reed, which merely allege the denial of parole without due process, "simply do not assert a federal constitutional violation."[4] *Id.*

---

[3] The Texas Court of Criminal Appeals has also held that, in contrast to inmates who are eligible for early release on mandatory supervision, state prison inmates have no protected liberty interest in parole. *See Ex parte Retzlaff*, 135 S.W.3d 45 (Tex. Crim. App. 2004) (distinguishing parole, "which does not entail a statutorily vested liberty interest," from mandatory supervision); *see also Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000) (noting that while the parole system in Texas creates no presumption of release on parole, the mandatory supervision statute does).

[4] In contrast, parole revocation hearings do come within the protection of the Due Process Clause. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). In the parole revocation context, due process requires that a parolee be given, "as promptly as convenient," a "'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole
(continued...)

Having no constitutionally protected right to parole, an inmate cannot state "a claim for either civil rights or habeas relief by his allegation that he was denied due process [when seeking parole] because he has no constitutionally protected expectancy of release." *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Based on the foregoing, the Court concludes that Reed has not met his burden to demonstrate that the state habeas corpus court's decision to reject his claims was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Therefore, he is not entitled to relief and his federal habeas corpus petition must be dismissed.

## IV. **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

---

[4](...continued)
conditions." *Id*. at 485. The parolee must also have an opportunity for a hearing prior to the final decision on revocation by the parole authority, tendered within a reasonable time after the parolee is taken into custody. *Id*. at 488. Although Reed complains of some delay by the Parole Board, this claim, which concerns eligibility for release on parole, does not implicate a liberty interest protected by the Due Process Clause.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, the petitioner is not entitled to a certificate of appealability under the governing standard found in § 2253.

## V.     **CONCLUSION AND ORDER**

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner are clearly without merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason.  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on April 29, 2010.

_____
Nancy F. Atlas
United States District Judge